Filed 11/24/20  Grant v. Clear Recon Corp. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GAVIN LESTER GRANT,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>CLEAR RECON CORP.,<br><br>     Defendant and Respondent. | G058076<br><br>(Super. Ct. No. 30-2018-00993609)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.

Gavin Lester Grant, in pro. per., for Plaintiff and Appellant.

Aldridge Pite and Fred T. Winters for Defendant and Respondent.

\*          \*          \*

Describing the operative complaint as "garbled, highly repetitive, full of citations to irrelevant laws and doctrines, and overlaid with a layer of 'sovereign citizen' references," the court sustained a demurrer to plaintiff Gavin Lester Grant's complaint arising from an attempted nonjudicial foreclosure of his residence. It sifted through the chaff to discern two causes of action against defendant Clear Recon Corp. (Clear Recon), the trustee under the deed of trust: trespass and fraud. It held neither was properly pleaded and dismissed the complaint with prejudice. The court did not err.

The complaint primarily revolves around plaintiff's gimmicky ploy to avoid paying his mortgage. When plaintiff defaulted, he concocted a "Banker's Promissory Note," which, according to plaintiff, extinguished the note and deed of trust on his residence in exchange for an unsecured debt. In a companion appeal involving Bank of America, the holder of the note, we concluded the "Banker's Promissory Note" was an unacceptable tender of the debt plaintiff owed.

The trespass claim against Clear Recon does not involve the "Banker's Promissory Note," however, because the alleged trespass—posting a notice of trustee's sale on plaintiff's garage door—occurred before plaintiff created the "Banker's Promissory Note." On what basis, then, was Clear Recon's entry a trespass? It is unclear. Plaintiff's complaint includes various conclusory allegations about the original note and deed of trust being void, but he makes no attempt to support them with specific facts or legal authorities.

As to the fraud claim, plaintiff does not allege Clear Recon committed fraud, but instead alleges it was a coconspirator in Bank of America's fraud. Once again, plaintiff's allegation is wholly conclusory—he has not alleged any facts to suggest such a conspiracy (assuming there was a fraud by Bank of America in the first place). As to both causes of action, the complaint failed to state a cause of action.

ALLEGATIONS

Plaintiff owned a residence in the City of Orange. In November 2007, plaintiff took out a secured loan on the residence, which included an adjustable rate note and deed of trust. Plaintiff defaulted on the loan. In December 2015, Clear Recon, the trustee on the deed of trust, recorded a notice of default. In March 2016, Clear Recon recorded a notice of trustee sale. That same day, Clear Recon posted a notice of trustee sale on plaintiff's garage door. For reasons that are unclear in the complaint, the foreclosure did not proceed at that time.[1]

Meanwhile, plaintiff came up with a plan.

First, on September 6, 2016, he acquired 10 shares of an entity called "Private Banker National Banking Association," a self-described "Common Law National Banking Association."

A couple of weeks later, apparently empowered by his membership in the alleged private banking association, he drafted a $1.5 million "Banker's Promissory Note" (the Banker's Note). The role of the "Private Banker National Banking Association" is not clear from our reading of the complaint, except to note that the Banker's Note is payable by "Gavin Lester Grant, Private Banker, I.D. Number: 000870338037," which in turn raises the question whether plaintiff intended the "Private Banker National Banking Association," instead of himself personally, to be obligated on the Banker's Note. In any event, the note, by its terms, was deemed accepted if not returned within two banking days. It required plaintiff to pay $10,000 per month on the seventh day of each month. Except there was a catch: The holder was required to come to plaintiff's personal residence to pick up the payment.

---

[1] Somewhere in this process plaintiff filed for bankruptcy, twice, to prevent the sale of the residence. The complaint is unclear on the exact timeline.

That same day, plaintiff wrote a letter to the chief financial officer (CFO) of Bank of America, which stated, "Find enclosed negotiable security instrument, full satisfaction of the claimed loan and final settlements to, BANK OF AMERICA, N.A., BEARER or HOLDER as Final payoff, Discharge of debt, CASE NO. 000870338037]."[2]

A week later, on September 28, 2016, plaintiff visited a Bank of America branch office in the City of Orange and handed the Banker's Note and correspondence to a middle manager (specifically, the "Financial Center Manager" for the branch).  The middle manager wrote "received and accepted" on both of the documents.[3]

The due date of the first scheduled payment on the Banker's Note came and went, and, to no one's surprise, Bank of America did not send a representative to plaintiff's residence to pick up the first payment.  The following day, plaintiff wrote to Bank of America's CFO to inform him that since no one had come to pick up the payment, his debts were discharged.

---

[2]     The case number referenced in the letter is nearly illegible but appears to be the same number associated with plaintiff in the Banker's Note.

[3]     Plaintiff also alleges that he handed the middle manager a form entitled "UCC Financing Statement."  "The purpose of filing a financing statement . . . is to give an existing or prospective creditor the opportunity to inform himself of whether, and of the extent to which, an existing or prospective debtor has encumbered his assets and to govern himself accordingly in dealing with the debtor." (*Borg-Warner Acceptance Corp. v. Bank of Marin* (1973) 36 Cal.App.3d 286, 288-289.)  It does not itself create a security interest.  Here, the complaint does not allege the existence of a security agreement between plaintiff and Bank of America.  (*Needle v. Lasco Industries, Inc.* (1970) 10 Cal.App.3d 1105, 1108 ["a financing statement filed with respect to a security agreement which never comes into existence is a nullity"].)  Moreover, the form lists the Banker's Note as the collateral for the obligation it secures.  Obviously, the collateral for the Banker's Note cannot be the Banker's Note itself.  Thus, even if a security agreement with Bank of America existed, the security is illusory where the collateral is described as the debt it purportedly secures.

4

Bank of America never adjusted his original loan balance to reflect the alleged payment in full by the Banker's Note.

PROCEDURAL POSTURE

Plaintiff filed the present suit in May 2018. The operative second amended complaint asserts causes of action for trespass, breach of contract (against Bank of America only), and fraud. In a thorough and detailed ruling, the court sustained Clear Recon's demurrer without leave to amend. Plaintiff timely appealed from the ensuing dismissal.

DISCUSSION

Rather than attempt to respond to each of the assertions in plaintiff's sprawling opening brief, we will confine our analysis to the merits of the causes of action.[4] We review the court's ruling on the demurrer de novo. (*Tamas v. Safeway, Inc.* (2015) 235 Cal.App.4th 294, 298.)

"The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." (*Ralphs Grocery Co. v. Victory Consultants, Inc.* (2017) 17 Cal.App.5th 245, 262.) The issue here is whether

---

[4] Plaintiff's brief lists 11 issues on appeal, most of which are totally irrelevant to his claims. For example, issue seven: "Did the Trial Court practice law from the bench?" In fact, most of plaintiff's brief is consumed with allegations of ethical and procedural improprieties by the trial judge. In light of our de novo review of the merits, however, none of those alleged improprieties are prejudicial since, as we conclude below, his complaint does not state a claim.

Clear Recon had permission to post the notice on plaintiff's garage. Generally speaking, a trustee on a deed of trust has permission to enter the property to post a notice of sale pursuant to the terms of the deed. This case is no exception. The deed of trust provides: "Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law." Here, the applicable law is Code of Civil Procedure section 701.540, subdivision (d)(2), which requires the trustee to post the notice of sale on "[a] conspicuous place on the real property."

Plaintiff contends the deed of trust was void, however, and thus Clear Recon had no permission to enter the property. But plaintiff simply asserts that the deed is void. He does not offer any reasoned explanation for that position. Of the 45 pages in his opening brief, he devotes only three paragraphs to the elements of a trespass claim, and nowhere in those three paragraphs does he point to any factual allegations that, if true, would render the deed void.

On the fraud cause of action, plaintiff alleges a number of supposed misrepresentations from Bank of America, but none from Clear Recon. Instead, plaintiff asserts that Clear Recon was a coconspirator in the fraud. But even assuming there was any fraud by Bank of America in the first place, he fails to point to any alleged facts to support a conspiracy. Consequently, he has failed to state a cause of action.

Plaintiff has not suggested any way he could amend the complaint to state a cause of action, and thus the court acted within its discretion in denying leave to amend.

DISPOSITION

The judgment is affirmed.  Clear Recon shall recover its costs incurred on appeal.

IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.